# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF INDIANA

| | | |
|---|---|---|
| JESSIE PARKER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | CAUSE NO. 3:10-CV-282 TS |
| v. | ) | |
| | ) | |
| EDWIN G. BUSS, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

## OPINION AND ORDER

Jessie Parker, a prisoner proceeding *pro se* in this matter, filed a Prisoner Complaint pursuant to 42 U.S.C. § 1983. [ECF No. 1.] Pursuant to 28 U.S.C. § 1915A, the Court must review the Complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915A(a) & (b). Courts apply the same standard under § 1915A as when deciding a motion under Federal Rule of Civil Procedure 12(b)(6). *See Lagerstrom v. Kingston*, 463 F.3d 621, 624 (7th Cir. 2006). To survive a motion to dismiss under Rule 12(b)(6), a complaint must state a claim for relief that is plausible on its face. *Bissessur v. Indiana Univ. Bd. of Trs.*, 581 F.3d 599, 602-03 (7th Cir. 2009). In determining whether the complaint states a claim, the Court must bear in mind that "[a] document filed *pro se* is to be liberally construed . . . and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (internal citation and quotation marks omitted).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege: "(1) that defendants deprived him of a federal constitutional right; and (2) that the defendants acted under color of state law." *Savory v. Lyons*, 469 F.3d 667, 670 (7th Cir. 2006). Here, Parker alleges Eighth

Amendment claims stemming from a denial of care for his multiple sclerosis. He names the following as Defendants: D. Forehand, the Director of Nursing at Indiana State Prison (ISP); William Wilson, the Superintendent at ISP; and Edwin Buss, the Commissioner of the Indiana Department of Correction (IDOC).

To establish liability under the Eighth Amendment, a prisoner must show: (1) he has an objectively serious medical need; and (2) an official acted with deliberate indifference to his health or safety. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). A medical need is "serious" if it is one that "a physician has diagnosed as mandating treatment or one that is so obvious that even a lay person would perceive the need for a doctor's attention." *Greeno v. Daley*, 414 F.3d 645, 653 (7th Cir. 2005). Conduct is deliberately indifferent "when the official has acted in an intentional or criminally reckless manner, *i.e.*, the defendant must have known that the plaintiff was at serious risk of being harmed and decided not to do anything to prevent that harm from occurring even though he could have easily done so." *Board v. Farnham*, 394 F.3d 469, 478 (7th Cir. 2005) (internal quotation marks omitted). For a medical professional to be held liable for deliberate indifference to an inmate's medical needs, he or she must make a decision that represents "such a substantial departure from accepted professional judgment, practice, or standards, as to demonstrate that the person responsible actually did not base the decision on such a judgment." *Jackson v. Kotter*, 541 F.3d 688, 697 (7th Cir. 2008).

According to the Complaint and attachments, Parker has been diagnosed with multiple sclerosis, which among other things significantly impairs his ability to walk. He asserts that he is not receiving adequate treatment for this condition, specifically, that he is being given medication that causes severe side effects and has not improved his condition. He asserts that his

condition has recently been getting worse. According to the attachments, Parker has been experiencing severe back pain and numbness from the waist down, has had difficulty having bowel movements, and on a few occasions has lost control of his bladder. (ECF No. 1-1.) Parker states that he has complained to Director Forehand on several occasions about the medication not helping his condition and making him feel sick, but nothing has been done to address his complaints.

Giving Parker the inferences to which he is entitled at this stage, he has alleged a serious medical need for purposes of the Eighth Amendment. Accepting his allegations as true, he alleges that Director Forehand is aware that his condition has worsened and that his current medication is making him sick, but has done nothing to ensure that he receive proper medical treatment. Further factual development may show that Director Forehand is not the individual responsible for making treatment decisions and/or coordinating Parker's treatment by medical providers. However, giving Parker the inferences to which he is entitled at this stage, he has alleged an Eighth Amendment claim against Director Forehand.

Parker also claims that he has made multiple requests for a "bottom range pass," which would ensure that he is assigned to a lower-level cell. He states that Superintendent Wilson refused to grant his request and instead assigned him to an upper-level cell. He asserts that on June 2, 2010, when he was walking down the stairs from his cell to breakfast, his legs gave out, causing him to fall down the stairs and injure himself. Further factual development may show that Superintendent Wilson was not personally involved in Parker's cell assignment, but in the complaint Parker specifically alleges that he was the one who denied Parker's request for a

bottom range pass. Giving Parker the inferences to which he is entitled at this stage, he alleges an Eighth Amendment claim against Superintendent Wilson.

Parker's claim against Commissioner Buss, however, must be dismissed. Commissioner Buss is not mentioned anywhere in the body of the Complaint, and there is nothing to indicate he was personally involved in these events or aware of them. He cannot be held liable simply by virtue of his position as the official overseeing IDOC staff. *Chavez v. Ill. State Police*, 251 F.3d 612, 651 (7th Cir. 2001). Nor has Parker alleged the existence of some unlawful policy for which Commissioner Buss might be held liable in his official capacity. *See Monell v. Dep't of Soc. Servs. of City of New York,* 436 U.S. 658, 690-91 (1978). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'" *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1950 (2009) (quoting Fed. R. Civ. P. 8(a)(2)). Accordingly, Parker has failed to state a claim against Commissioner Buss.

For these reasons, the Court:

(1) **GRANTS** Jessie Parker leave to proceed on an Eighth Amendment claim against D. Forehand in an individual capacity for compensatory and punitive damages and injunctive relief for failing to ensure that Parker receives adequate medical care, despite having knowledge that Parker's multiple sclerosis has worsened and that the medication currently prescribed for him is making him sick; and

(2) **GRANTS** Jessie Parker leave to proceed on an Eighth Amendment claim against William Wilson in an individual capacity for compensatory and punitive damages and injunctive relief for refusing to grant him a bottom range pass despite having documentation that Parker has a chronic illness which significantly impairs his ability to walk;

4

(3) **DISMISSES** all other claims;

(4) **DISMISSES** Edwin Buss as a Defendant;

(5) **DIRECTS** the United States Marshals Service, pursuant to 28 U.S.C. § 1915(d), to effect service of process on D. Forehand and William Wilson; and

(6) **ORDERS**, pursuant to 42 U.S.C. § 1997e(g)(2), that D. Forehand and William Wilson respond, as provided for in the Federal Rules of Civil Procedure and N.D. IND. L.R. 10.1, only to the claims for which the *pro se* Plaintiff has been granted leave to proceed in this screening order.

SO ORDERED on September 29, 2010.

 s/ Theresa L. Springmann
THERESA L. SPRINGMANN
UNITED STATES DISTRICT COURT
FORT WAYNE DIVISION