# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF INDIANA

| | |
|---|---|
| JESSIE PARKER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) CAUSE NO. 3:10-CV-282 TLS |
| v. | ) |
| | ) |
| ED BUSS, *et al.*, | ) |
| | ) |
| Defendants. | ) |

## OPINION AND ORDER

Jessie Parker, a *pro se* prisoner, was granted leave to proceed on claims against Defendants William Wilson and David Forehand regarding the treatment and accommodations he is receiving for his multiple sclerosis at Indiana State Prison ("ISP"). (Opinion and Order, ECF No. 7.) The Defendants move for summary judgment on the ground that Parker failed to exhaust his administrative remedies before filing suit. (ECF Nos. 25, 29.)

Summary judgment must be granted when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A genuine issue of material fact exists when "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). To determine whether a genuine issue of material fact exists, a court must construe all facts in the light most favorable to the non-moving party and draw all reasonable inferences in that party's favor. *Heft v. Moore*, 351 F.3d 278, 282 (7th Cir. 2003). However, a party opposing a properly supported summary judgment motion may not rely merely on allegations or denials in its own pleading, but rather must "marshal and present the court with the evidence she contends will prove her case." *Goodman v. Nat'l Sec. Agency, Inc.*, 621 F.3d 651, 654 (7th Cir. 2010).

Pursuant to the Prison Litigation Reform Act ("PLRA"), prisoners are prohibited from bringing an action in federal court with respect to prison conditions until "such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). The failure to exhaust is an affirmative defense on which the defendant bears the burden of proof. *Dole v. Chandler*, 438 F.3d 804, 809 (7th Cir. 2006). "To exhaust remedies, a prisoner must file complaints and appeals in the place, and at the time, the prison's administrative rules require." *Pozo v. McCaughtry*, 286 F.3d 1022, 1025 (7th Cir. 2002). "[U]nless the prisoner completes the administrative process by following the rules the state has established for that process, exhaustion has not occurred." *Id.* at 1023.

The undisputed facts show that Parker has been housed at ISP since March 22, 2010. (Smales Aff. ¶ 7, ECF No. 28-2.) ISP has a two-step grievance process, under which an inmate must file a formal grievance with correctional staff and, if dissatisfied with the response, must appeal to the Indiana Department of Correction ("IDOC") final reviewing authority. (*Id.* ¶¶ 4-13; *see also* ECF No. 28-2 at 7.) A record is kept of all inmate grievances, and those records indicate that Parker has filed three grievances during the time he has been housed at ISP, two of which concern the issues raised in his complaint. (Smales Aff. ¶ 9; *see also* DE 28-2 at 5.) In each instance, however, Parker filed only an initial grievance and did not appeal to the final reviewing authority. (Smales Aff. ¶¶ 10–13.)

Parker has filed a response to the motion and concedes that he did not complete the administrative process by appealing to the final reviewing authority. (Pl.'s Request for Instruction and Response 2, ECF No. 31.) He therefore agrees that this case must be dismissed

2

without prejudice.[1] (*Id.*) Because it is clear from the record that Parker did not exhaust all available administrative remedies prior to filing suit, this case will be dismissed without prejudice pursuant to 42 U.S.C. § 1997e(a). *See Ford v. Johnson*, 362 F.3d 395, 401 (7th Cir. 2004) (all dismissals pursuant to 42 U.S.C. § 1997e(a) must be without prejudice).

For the reasons set forth above, the Court:

(1) **GRANTS** Defendant Wilson's motion to join in Defendant Forehand's motion for summary judgment [ECF No. 29];

(2) **GRANTS** the Defendants' Motion for Summary Judgment [ECF No. 25]; and

(3) **DISMISSES** this action **WITHOUT PREJUDICE** pursuant to 42 U.S.C. § 1997e(a).

SO ORDERED on March 22, 2011.

s/ Theresa L. Springmann
THERESA L. SPRINGMANN
UNITED STATES DISTRICT COURT
FORT WAYNE DIVISION

---

[1] Parker appears to be concerned that employees at the prison will hinder his ability to use the grievance process. (ECF No. 28 at 2.) The basis for Parker's concern is unclear from the record, but the Court notes that the PLRA requires exhaustion of "available" remedies; an administrative remedy is not considered "available" if prison employees refuse to provide an inmate with the necessary forms upon request or if they engage in other types of affirmative misconduct that prevent the inmate from exhausting. *See Kaba v. Stepp*, 458 F.3d 678, 684 (7th Cir. 2006); *Dole*, 438 F.3d at 809. It is another matter, and one on which the Court expresses no opinion, whether an appeal by Parker will be considered on the merits by prison officials given that he is well outside the 10-day window for appealing to the final review authority. (*See* ECF No. 28-2 at 7.)